IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | Criminal Action No. 05-105-JJF |
| | : | |
| ERNEST WILSON, | : | |
| | : | |
| Defendant. | : | |

JURY INSTRUCTIONS

COLM F. CONNOLLY
United States Attorney

DAVID L. HALL
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19899
Attorney for the Government

MICHAEL J. MALLOY, ESQUIRE
Identification No.: 24446
10 Veterans Square
Media, PA 19063
Attorney for Defendant

July 7, 2006

## I. GENERAL

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE

## BURDEN OF PROOF

## REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that he or she is innocent. This presumption of innocence stays with a defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that the defendant is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that the defendant is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something or failed to do or say something, that was different from the testimony the witness gave before you during the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately.  If a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it concerns an important fact or an unimportant detail.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## II. **NATURE OF THE CHARGES**

### **INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the defendant.

### COUNTS I, II, and III
### THEFT OF MAIL
### ESSENTIAL ELEMENTS

The indictment charges defendant Ernest Wilson with three counts of theft of mail by a postal service employee. You must consider each of Counts I, II, and III separately and render a verdict on each count. Count I alleges that Ernest Wilson, as an employee of the Postal Service, stole four $5 Liberty gold coins and three $10 Liberty gold coins between December 22, 2004 and January 26, 2005. Count II alleges that Ernest Wilson, as an employee of the Postal Service, stole one 1909 O $5 Indian-head gold coin (serial number 1668666-001) on or about February 4, 2005. And Count III alleges that Ernest Wilson, as an employee of the Postal Service, stole one 1907 $10 Indian-head gold coin (serial number 1937676002) on or about July 11, 2005.

In order to sustain a charge of theft of mail by a postal service employee, the government must prove each of the following elements beyond a reasonable doubt:

**First:**    That Ernest Wilson deliberately took a package that had been mailed;

**Second:**    That Ernest Wilson knew he had no authority to take the package; and

**Third:**    That Ernest Wilson was a United States Postal Service employee when he took the package.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

## COUNT IV
## INTERSTATE TRANSPORTATION OF STOLEN PROPERTY
### ESSENTIAL ELEMENTS

Count IV of the indictment charges the defendant with the crime of interstate transportation of stolen property. Specifically, the indictment alleges that between December 22, 2004 and July 30, 2005, the defendant transported from Delaware to Pennsylvania the following items, knowing them to be stolen: four $5 Liberty gold coins and two $10 Liberty gold coins; one 1909 O $5 Indian-head gold coin (serial number 1668666-001); and one 1907 $10 Indian-head gold coin (serial number 1937676002).

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:**     That the coins were stolen;

**Second:**    That Ernest Wilson took the coins from Delaware to Pennsylvania;

**Third:**     That when Ernest Wilson took the coins from Delaware to Pennsylvania he knew they were stolen; and

**Fourth:**    That the value of coins was $5,000.00 or more.

The government need not prove under this count that Ernest Wilson actually stole the coins. As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

## POSSESSION OF RECENTLY STOLEN PROPERTY
## INFERENCE PERMITTED

You have heard testimony that the defendant had possession of some property that was recently stolen.

If you believe that the defendant had possession of this property, you may consider this, along with all the other evidence, in deciding whether the defendant knew that the property was stolen (or stole the property). But the longer the period of time between the theft and his possession, the less weight you should give this evidence.

You do not have to draw any conclusion from the defendant's possession of the property. You may still have a reasonable doubt based on all the other evidence. Remember that the burden is always on the government to prove beyond a reasonable doubt that the defendant committed the crime charged.

## PROOF OF INTENT

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

14

## **"ON OR ABOUT"**

You will note the Indictment charges that the various offenses were committed "on or about" different dates. The Government does not have to prove with certainty that the alleged crime occurred on the specific date charged. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

15

III. **CONSIDERATION OF EVIDENCE**

**INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime charged.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

## TESTIMONY OF LAW ENFORCEMENT OFFICERS

You have heard the testimony of certain law enforcement officers. The fact that a witness may be employed by a law enforcement agency does not mean that his testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

## CHARACTER EVIDENCE – REPUTATION OF DEFENDANT

The defendant has offered evidence of his good general reputation of truth, veracity, honesty, and integrity. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

## DEFENDANT'S ELECTION NOT TO TESTIFY

A defendant in a criminal case has an absolute right under our Constitution not to testify. The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.  As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

IV. **DELIBERATIONS AND VERDICT**

**INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is the number 1 juror.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find a defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of each defendant with respect to each count of the Indictment, you then return to the courtroom.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the Government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.